**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID L. KINDRED,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:05-CV-1839-N** |
| **v.** | § | |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *Defendant's Motion to Dismiss and Brief in Support Thereof*, filed June 29, 2006. Based on the pleadings and the applicable law, the Court is of the opinion that the motion should be **GRANTED**.

## I.   BACKGROUND

Plaintiff filed this action on November 19, 2001, in the Western District of Arkansas. (Compl., doc. no. 1.) At issue was whether Plaintiff was disabled before the date of expiration of his insured status. (Def.'s Appeal Br. at 2.) Due to the fact that Defendant was unable to locate the tape of the Plaintiff's hearing with the Administrative Law Judge ("ALJ"), the case was remanded for a new hearing on May 14, 2002. (Mot. to Remand, doc. no. 5; Order, doc. no. 7.) In a letter dated July 10, 2003, Plaintiff's attorney, Fred L. Caddell ("Caddell") informed Defendant that he no longer represented Plaintiff and that he had not been in contact with Plaintiff for over one year. *Id.* n.1. Plaintiff appeared *pro se* at the second hearing on July 11, 2003. (Def.'s Appeal Br. at 2.) On August 8, 2003, the ALJ rendered an unfavorable ruling, concluding that Plaintiff was not disabled prior to the expiration of his insured status. *Id.* On July 2, 2004, Defendant moved to reinstate the case and the motion was granted on July 16, 2004. (Mot. to Reinstate Case, doc. no.

8; Order, doc. no. 9.)  Caddell was served with the motion to reinstate and the order granting the motion.  *Id.*  On July 20, 2004, Defendant filed an answer, which was served on Caddell.  (Ans., doc. no. 10.)  The court sent a letter to Caddell and Defendant's counsel on July 21, 2004, setting forth the procedures for filing Social Security briefs in that court.  (Doc. no. 14.)  On September 21, 2004, Defendant filed its appeal brief, which was served on Caddell.  (Def.'s Appeal Br., doc. no. 11.)

After reviewing the record, the Arkansas court noted that it appeared Plaintiff no longer resided in Arkansas and ordered Plaintiff to file an affidavit indicating his current address and telephone number.  (Order, doc. no. 12.)  That order was served on Caddell, as counsel for Plaintiff. No response was filed to the court's order and, on September 14, 2005, the Arkansas court transferred the case to the Northern District of Texas.  (Order, doc. no. 13.)  That order was also served on Caddell.   It appears that although Caddell continued to receive copies of pleadings and court orders in this case while it was pending in Arkansas, he neither participated in the judicial process on behalf of his client nor sought to formally withdraw as Plaintiff's counsel during that time.  There is no suggestion in his motion that he attempted to communicate with Plaintiff at all, not even to forward pleadings and court orders which were being delivered only to Caddell.  The record reflects no effort to inform the court that he did not represent Plaintiff.

Subsequent to transfer of this case, orders designating the case for ECF and a notice of attorney appearance on behalf of Defendant were entered and served on Caddell.  (Doc. nos. 15, 17, 18.)  On May 11, 2006, the District Court entered an order directing the parties to confer and report to the District Court regarding scheduling.  (Order Requiring Status and Scheduling Conf., doc. no. 19.)  Defendant filed a status report on May 24, 2006.  (Def.'s Status Report, doc. no. 21.)  Therein, Defendant's counsel represented that he attempted to confer by telephone and e-mail with Caddell,

Plaintiff's counsel of record, but was unsuccessful.  *Id.*

On May 26, 2006, Caddell filed a motion to withdraw as counsel, on the ground that Caddell is not licensed in the state of Texas.  (Mot. to Withdraw, doc. no. 22.)  This Court noted that the motion did not comply with Local Rule 83.12 of the Local Civil Rules for the Northern District of Texas, which requires that a motion to withdraw as counsel provide the name and address of the succeeding attorney or, if the succeeding attorney is not known, set forth the name, address, and telephone number of the client and either bear the client's signature or state specifically why the attorney was unable to obtain the client's signature.  In response, on June 26, 2006, Caddell mailed an amended motion to withdraw as counsel.  In the amended motion, Caddell requested to withdraw as counsel on the grounds that he was informed on May 25, 2006 by Plaintiff's daughter that Plaintiff was deceased.  (Am. Mot. to Withdraw at 2.)  In an *Order* dated June 30, 2006, Caddell was ordered to comply with the requirements of Local Rule 83.12 and include a certificate of conference with a representative of Plaintiff's estate, stating that the estate has been informed of the existence of the instant lawsuit and providing the name, address, and telephone number of the representative. Caddell was ordered to inform the Court as to whether the estate intended to proceed with the lawsuit.  To date, Caddell has ignored this Court's *Order*.

## II.   ANALYSIS

A court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F .2d 399, 401 (5th Cir.1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)).  Such a dismissal may

be with or without prejudice.  *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir.1996).  A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile.  *Id*.

Since this case was reinstated in on July 16, 2004, in the Western District of Arkansas, no action has been taken on Plaintiff's behalf to prosecute this case.  The Court is aware that Plaintiff's former attorney, Caddell, has attempted to withdraw from this case, and that Plaintiff is now deceased.  In addition to requiring Caddell to comply with the local rules for withdrawing from the suit, the Court has attempted to ensure that Plaintiff's heirs were notified of the pending lawsuit so that they could pursue their rights, should they so choose, with minimal additional burden to Caddell.  However, Caddell has chosen to ignore his responsibilities to his former client and the orders of this Court.  There is no more the Court can do.   There is no reason why this case should be maintained on the Court's docket, and dismissal is clearly warranted under these circumstances.

## III.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that *Defendant's Motion to Dismiss* be **GRANTED** and that this case be **DISMISSED** without prejudice for want of prosecution and failure to comply with an order of court, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO RECOMMENDED**, on this the 13th day of February, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE